## KAHOIWAI *et al. vs.* PAAKUKU (w.) *et al.*

### IN EQUITY.   BEFORE ALLEN, C.J.

### OCTOBER, 1874.

Plaintiffs ask for partition of lands to which they claim title under an anomalous document, in the nature of a trust-deed, which was admitted to probate as a will: Defendants claim under an absolute deed of the same property, subsequently made by the testator:

Held, the first document, having been construed to be a will, to take effect after death, conferred no rights as against grantees under a later deed: and no fraud being proved as to the deed, the Court dismisses the bill.

### DECISION OF ALLEN, C.J.

This is a petition for partition of certain lands called Kaonaulu, situate on the Island of Maui, and Kaluapalu, situate in Kalihi, on the Island of Oahu, and a Kuleana of land, situate in Wailuku, Island of Maui; and the complainants claim of and by virtue of a certain instrument in writing made by one

Keaka on the 12th of February, 1850, who was the admitted owner of the property in question. The complainants allege that this instrument is anomalous in its character, partaking of the nature of a will and a deed of trust, which was afterwards, to wit, on the 15th day of December, 1868, on the petition of the defendant Paakuku admitted to probate as the last will and testament of the said Keaka. It is further alleged and admitted that the estate was fully administered upon, and the administrator discharged.

There are other allegations in the bill touching the rents and profits of the land, received by same defendant, as well as the sale of the land in Oahu.

The defendant answers and claims that her title is derived from Keaka, the testator of the will referred to, by the deed, bearing date March 11th, 1868, of the lands called Kaonaulu and Kaluapulu, so that, in a word, the petitioners claim title to the property by the instrument in writing above referred to, and the defendant by deed.

The complainants contend that, by the will, the defendant Paakuku had a limited trust; that although she was to be the head of the family, her brothers and sisters were to enjoy the property under her as they had under the testator. It was undoubtedly the intent of the testator that they should all have an interest in the property, when she says that "all the income of these two lands and the Konohiki days on these lands shall go to Paakuku and her brothers and sisters, and their heirs after them."

This instrument is a will, and a testator has a right to make or cancel it, and there is no right which vests by it which disables the testator, during her life, from making a conveyance by deed. It will not be contended that because a person has made a will disposing of his property, which can only have effect after his death, that it operates as a restraint upon his power of conveying his property by deed during life. A deed in trust for the benefit of others, and placed upon record, would be good against a subsequent conveyance. A will is an instrument entirely different in its legal effect.

It is contended further by the petitioners that the probate of the will on the petition of Paakuku was the acceptance of the terms of that instrument, and she is precluded from claiming under a different instrument.

There was other property named in the will besides the land, and it was the duty of Paakuku, holding it, to present it to the Court for probate; but the Court does not regard it as compromising her title under the deed. She even presented the deed for probate, but the Judge declined to admit it as it was not a will.

It would not be equitable for the Court to declare that these parties compromise their rights by an error of this character, but in this she did her duty; as to the personal property she would have done injustice to other parties not to have presented the will for probate.

The counsel contend further that the pretended deed of gift of the 11th March, 1868, is not without grave suspicions of its execution, and in its very terms is a fraud upon the other heirs, and cannot affect their rights under the former will or instrument which became vested in the executor thereof, and confirmed by the action of the Court in Probate. Fraud must be proved; suspicion is not sufficient. In this case the circumstances favor the validity of the deed. By the will executed in 1850, the testator places the property in the hands of defendant to be managed as she herself had hitherto done for the benefit of herself and brothers and sisters. Eighteen years had passed, and it is very probable that the circumstances of the parties had changed, so that the testator would deem it advisable to give her the title in full, instead of imposing upon her the responsibility of taking care of the property for others, as well as herself. This relieves the case of suspicion even. It does not appear by the record that there was any adjudication by the Probate Court of the rights of parties to the real estate. There was no notice for distribution, and no decree of the Court to this effect. The administration was upon personal property only.

The Court is of opinion that the petitioners have no title to the lands Kaonaulu and Kaluapulu, and so adjudge.

There is no controversy about the title of the land in Wailuku, and the petition for partition of that land is hereby granted and decreed accordingly.

*R. H. Stanley & W. C. Jones,* for complainants.

*A. S. Hartwell,* for Paakuku.

*S. B. Dole,* for the other defendants.